UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. SCONCE,<br>CDCR #AP-3966,<br><br>                              Plaintiff,<br><br>      vs.<br><br>D. PARAMO, et al.,<br><br>                             Defendants. | Case No. 3:17-cv-00187-JAH-AGS<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

## I. Procedural History

DAVID W. SCONCE ("Plaintiff"), incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se in this civil rights action, filed pursuant to 42 U.S.C. § 1983. At the time he filed his Complaint, Plaintiff did not prepay the $400 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

On June 21, 2017, the Court granted Plaintiff leave to proceed IFP, conducted its mandatory initial screening of Plaintiff's Complaint, and dismissed it sua sponte for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) (ECF No. 9).

1

The Court also granted Plaintiff 45 days leave in which to file an Amended Complaint that addressed the deficiencies of pleading it identified. (*Id.*). *See also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted).

On October 10, 2017, the Court granted Plaintiff's request for an extension of time, and gave him until November 20, 2017, to file an Amended Complaint in compliance with the Court's June 21, 2017 Order (ECF No. 12). Plaintiff was expressly cautioned that his failure to amend would result in the dismissal of his case. (*Id.* at 3) (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

Almost six months have passed since the Court's June 21, 2017 Order, and Plaintiff has failed to file an Amended Complaint despite having been granted an extension of time in which to do so. On October 10, 2017, Plaintiff was clearly informed that his Amended Complaint must be filed by November 20, 2017. But to date, Plaintiff has failed to amend, and he has not requested any additional requests for an extension of time. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and his failure to prosecute pursuant to FED. R. CIV. P. 41(b) in compliance with the Court's June 21, 2017 and October 10, 2017 Orders. *See* ECF Nos. 9, 12.

///

| | |
|---|---|
| 1 | The Court further **CERTIFIES** that an IFP appeal would not be taken in good |
| 2 | faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final |
| 3 | judgment of dismissal and close the file. |
| 4 | **IT IS SO ORDERED**. |
| 6 | Dated: December 21, 2017 |

_____
Hon. John A. Houston
United States District Judge